IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 JAN -2 PM 2: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| MORRIS PLAISANCE, | } |
| Plaintiff, | } |
| vs. | } CIVIL ACTION NO. |
| | } CV-96-AR-2587-S |
| WILLIAM PERRY, SECRETARY, DEPARTMENT OF DEFENSE, | } |
| Defendant. | } |

**ENTERED**

JAN 2 1997

**MEMORANDUM OPINION**

Plaintiff, Morris Plaisance, seeks a preliminary injunction mandatorily reinstating him to active duty in his position at the Department of Defense. He ultimately seeks an expunging of his disciplinary record and the recovery of lost pay and benefits. Plaisance alleges that he was subject to sexual harassment and retaliation from his employer, the Department of Defense, pursuant to Title VII.

Plaintiff claims that because he seeks relief under Title VII and because he believes he has a likelihood of success on the merits, that "irreparable harm" must be presumed by this court. The Eleventh Circuit does require such a presumption when defendant is a private employer or landlord. See *Baker v. Buckeye Cellulose Corp*, 856 F.2d 167, 169 (11th Cir. 1988) ("[C]ourts are to presume

1

irreparable harm in Title VII cases.")(citing cases); *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417 (11th Cir. 1984) ("[I]rreparable injury may be presumed from the fact of discrimination in and violations of fair housing statutes.")(citing cases).

While the express language of the aforementioned Eleventh Circuit cases is not limited to private employers, a binding line of cases follows the reasoning of the Supreme Court in *Sampson v. Murray*, 415 U.S. 61, 94 S. Ct. 937 (1974)[1], and rejects the use of such a presumption when a federal employer is involved. *See Morgan v. Fletcher*, 518 F.2d 236, 239-40 (5th Cir. 1975) ( The court found that a plaintiff suing for sexual harassment against the federal government must prove irreparable harm.)[2]; *White v. Carlucci*, 862 F.2d 1209 (5th Cir. 1989) (The court found that "irreparable injury is an essential prerequisite to preliminary injunctive relief for

---

[1] In *Sampson*, the Supreme Court said:
We have held that an insufficiency of savings or difficulties in immediately obtaining other employment external factors common to most discharged employees and not attributable to any unusual actions relating to the discharge itself will not support a finding of irreparable injury, however severely they may affect a particular individual.

*Sampson*, 415 U.S. at 92 n.68, 94 S. Ct. at 953 n.68. "*Sampson* also explicitly mandates that courts must consider the disruptive effect on the administrative process of the federal government of granting preliminary injunctions in government-employment-related cases." *White v. Carlucci*, 862 F.2d 1209, 1212 (5th Cir. 1989).

[2] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

2

federal employees under Title VII", and that "*Sampson* also patently stands for the proposition that there is no nexus between the strength and nature of the underlying claim and the element of irreparable harm. Such irreparable harm must be proven separately and convincingly.")(citing cases).

The former Fifth Circuit made this distinction clear in *Garza v. Texas Educational Foundation, Inc.*, 565 F.2d 909, 910-11 (5th Cir. 1978). That court, which spoke equally for the diverging Eleventh Circuit, noted that "it is significant to note that all [cases relied upon by defendant] involved federal employees." *Id.* at 910. The government has the "widest latitude in the 'dispatch of its own internal affairs' . . . ." *Id.* at 910 (citing *Sampson*, 415 U.S. at 83, 94 S. Ct. at 949).

> In light of these factors, the Court held "that respondent at the very least must make a showing of irreparable injury sufficient in kind and degree to override these factors cutting against the general availability of preliminary injunctions in Government personnel cases.

*Id.* at 911 (citing *Sampson* 415 U.S. at 84, 94 S. Ct. at 949). This case "fall[s] comfortably within this government personnel rationale." *Id.*

Plaintiff has not even alleged irreparable harm outside his assertion that irreparable harm is presumed by a Title VII suit

3

with a substantial likelihood of success. Because this is an incorrect statement of the law with respect to federal employees, defendant's Rule 12(b)(6) motion as to preliminary relief will be granted and plaintiff's request for a preliminary injunction will be denied. The other elements of a preliminary injunction, since each are necessary for the court to issue such an injunction, need not be addressed.

DONE this 2ⁿᵈ day of January, 1997.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE